# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**DANIEL HEFFIELD,**

    Petitioner,

v.                              Case No: 6:15-cv-644-Orl-36DCI
                                  (6:13-cr-67-Orl-36DCI)

**UNITED STATES OF AMERICA,**

    Respondent.
_____/

## ORDER

This cause is before the Court on the Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate," Doc. 1), filed by Petitioner pursuant to 28 U.S.C. § 2255. Petitioner also filed a Memorandum of Law (Doc. 2) in support of the Motion to Vacate. The Government filed a Response in Opposition to the Motion to Vacate ("Response," Doc. 4) in compliance with this Court's instructions and with the *Rules Governing Section 2255 Proceedings for the United States District Courts*. Petitioner filed a Reply (Doc. 17) to the Response. For the reasons set forth herein, the Motion to Vacate will be denied.

### I. PROCEDURAL BACKGROUND

A Grand Jury charged Petitioner by Superseding Indictment with three counts of sexual exploitation of a minor (Counts One, Two, and Three), four counts of transportation of child pornography (Counts Four, Six, Seven, and Eight), and two counts of possession of child pornography (Counts Five and Nine). (Criminal Case No. 6:13-cr-67-Orl-36DCI, Doc. 20).[1]

Petitioner subsequently entered into a Plea Agreement (Criminal Case Doc. 31) in which

---
[1] Criminal Case No. 6:13-cr-67-Orl-36DCI will be referred to as "Criminal Case."

he agreed to enter a guilty plea to Counts Two and Nine of the Superseding Indictment. Petitioner entered his plea before Magistrate Judge David A. Baker, who filed a Report and Recommendation Concerning Plea of Guilty (Criminal Case Doc. 36), recommending that the Plea Agreement and the guilty plea be accepted and that Petitioner be adjudged guilty and have sentence imposed accordingly.

The Court entered an Acceptance of Plea of Guilty and Adjudication of Guilt (Criminal Case Doc. 38) in which the guilty plea was accepted and Petitioner was adjudicated guilty of the offenses. The Court next entered a Judgment in a Criminal Case (Criminal Case Doc. 62) in which Petitioner was sentenced to imprisonment for a term of 300 months, to be followed by supervised release for life. The remaining counts in the Original Indictment and Superseding Indictment were dismissed on the motion of the Government. (*Id.*). Petitioner filed a direct appeal, but it was dismissed based on Petitioner's motion for a voluntary dismissal. (Criminal Case Doc. 80).

## II. LEGAL STANDARDS

### A. Relief Under Section 2255

Section 2255 permits a federal prisoner to bring a collateral challenge by moving the sentencing court to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). "A petitioner is entitled to an evidentiary hearing if he "alleges facts that, if true, would entitle him to relief." *Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015) (citation and quotation omitted). However, "a defendant must support his allegations with at least a proffer of some credible supporting evidence*.*" *United States v. Marsh*, 548 F. Supp. 2d 1295, 1301 (N.D. Fla. 2008). Moreover, the Court "is not required to grant a petitioner an evidentiary hearing if the § 2255

motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Rosin*, 786 F.3d at 877 (citation and quotation omitted).

B.  **Standard for Ineffective Assistance of Counsel**

In *Hill v. Lockhart*, 474 U.S. 52, 58 (1985), the Supreme Court held that "the two part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." A defendant may satisfy the prejudice prong by showing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59 (1985). A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Further, a defendant's knowing and voluntary guilty plea waives all nonjurisdictional defects in the proceedings. *Duhart v. United States*, 556 F. App'x 897, 898 (11th Cir. 2014). However, a defendant can still maintain an attack on the voluntary and knowing nature of the guilty plea itself. Such an attack can be based upon ineffective assistance of counsel claims that go to the knowing and voluntary nature of the plea. *Id*.

### III.  ANALYSIS

Petitioner argues that counsel "was ineffective for failing to object to the Court's failure to establish a factual basis before accepting Petitioner's plea of guilty regarding Count Two of the superseding indictment." (Doc. 1 at 4). According to Petitioner, the Court "never inquired as to whether [he] 'used' a minor to engage in sexually explicit conduct nor did the Petitioner ever admit to this conduct." (*Id*. at 14).

> The Plea Agreement contained a Factual Basis in which Petitioner admitted to making videos of girls using the restroom at his home and posting them to a newsgroup. He said that he made the videos over a two or three week

period in the Spring of 2012, most likely in March. The children in the videos ranged from ages 4 to 18 years old and were all girls. Heffield said that the children were in his home to take piano lessons from his mother. Heffield said that he made 25 to 30 videos but he only posted nine because he felt these videos had the best shots of the girls' vaginas.

(Criminal Case Doc. 31 at 18). Further, as set forth in the Factual Basis,

[t]he video charged in Count Two is of a young girl who is 6 years old at the time Heffield recorded the video. The child is wearing her school uniform and the logo from her school is visible. However, her face is only partially visible as this was not the focal point of the video. In the video, her vagina is prominently displayed and is the focal point of the video as she sits down and stands up after using the toilet. This is the video that was recovered from the Maine defendant's computer in May 2012.

(*Id*. at 19). Petitioner acknowledged that the facts set forth in the Plea Agreement were "true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt . . ." (*Id*. at 15).

The Court in this case conducted a thorough and comprehensive plea colloquy. Petitioner stated under oath that he had read the Superseding Indictment and that he was aware of what the Government would have been required to prove in order for him to have been found guilty. (Criminal Case Doc. 72 at 7-8). Petitioner stated that he had discussed and reviewed the Superseding Indictment with his attorney and that he was satisfied with the services of his attorney. (*Id*. at 8). Petitioner stated that he had not been threatened or coerced to plead guilty. (*Id*. at 9). Petitioner acknowledged that he was pleading guilty because "I am guilty." (*Id*.).

Petitioner also stated that he had read the Plea Agreement, that he had discussed it with his attorney, and that he understood it. (*Id*. at 11). Petitioner acknowledged that he had read the statement of facts and that they were true and correct. (*Id*. at 13, 22). Petitioner informed the Court that he had "placed a video camera in a bathroom and recorded people using the

4

restroom," which was for the purpose of creating videos. (*Id*. at 21). Petitioner also admitted that he had uploaded the videos to the internet. (*Id*. at 22). Finally, Petitioner responded affirmatively when asked if he was freely and voluntarily entering a plea of guilty to Count Two of the Superseding Indictment. (*Id*. at 23-24). Petitioner's representations constitute "a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

Section 2251(a) makes it unlawful to "use" a minor "to engage in . . . sexually explicit conduct" for the purpose of producing a visual depiction of that conduct. Sexually explicit conduct includes "lascivious exhibition of the genitals or pubic area of any person." 18 U.S.C. § 2256(2)(A)(v). The Eleventh Circuit Court of Appeals has held that "a lascivious exhibition may be created by an individual who surreptitiously videos or photographs a minor and later captures or edits a depiction, even when the original depiction is one of an innocent child acting innocently." *United States v. Holmes*, 814 F.3d 1246, 1252 (11th Cir. 2016).

In the present case, Petitioner's conduct, which he readily admitted in the Plea Agreement and at the plea hearing, including placing the camera in the bathroom where minor children were videotaped while using the bathroom, his extensive focus on videoing and capturing images of the genitals, the angle of the camera setup, and his editing of the videos was sufficient to create a lascivious exhibition of the genitals. Certainly, there were sufficient facts admitted by Petitioner to sustain a conviction for sexual exploitation of children by the creation of a depiction that includes a lascivious exhibition of the genitals.

Petitioner's counsel vigorously and professionally defended him. Petitioner's counsel was able to procure a plea agreement resulting in the dismissal of seven counts in the Indictment

5

and Superseding Indictment. He did so laboring under a difficult problem: his client was demonstrably and unequivocally guilty. There is nothing in counsel's performance that would begin to reach *Strickland* standards of deficient performance. Further, the Court finds that Petitioner has failed to demonstrate prejudice. As a result, Petitioner's claim is without merit, and the Motion to Vacate will be denied.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

### IV. CERTIFICATE OF APPEALABILITY

This Court should grant an application for a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). However, the petitioner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner fails to demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner fails to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

### V. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) is **DENIED**.

2. This case is **DISMISSED with prejudice**.

3. Petitioner is **DENIED** a certificate of appealability.

4. The Clerk of the Court is directed to enter judgment in favor of Respondent and to close this case. A copy of this Order and the Judgment shall also be filed in criminal case number 6:13-cr-67-Orl-36DCI.

5. The Clerk of the Court is directed to terminate the section 2255 motion (Criminal Case Doc. 85) filed in criminal case number 6:13-cr-67-Orl-36DCI.

**DONE** and **ORDERED** in Tampa, Florida on July 13, 2017.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Party
OrlP-2 7/13