UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DANIEL HOFFIELD,

    Petitioner,

v.                                         Case No: 6:15-cv-644-Orl-36DCI
                                              (6:13-cr-67-Orl-36DCI)

UNITED STATES OF AMERICA,

    Respondent.
_____/

## **ORDER**

This cause is before the Court on the Order (Doc. 28) entered by the Eleventh Circuit Court of Appeals on January 17, 2019.[1] Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate," Doc. 1) pursuant to 28 U.S.C. § 2255. The Court entered an Order (Doc. 18) on July 13, 2017, dismissing the case. Petitioner filed a Motion to Alter (Doc. 20), which the Court denied. Petitioner appealed the denial of the Motion to Vacate, and the Eleventh Circuit Court of Appeals ("Eleventh Circuit") entered a written, unpublished opinion finding that the Court failed to address Petitioner's claim that "his guilty plea was entered into unintelligently because he thought he was pleading guilty to possession and production of child pornography, when in fact he pleaded guilty to sexual exploitation of a minor and possession of child pornography." (Doc. 28 at 4).[2]

---

[1] The Mandate issued on March 11, 2019. (Doc. 29).

[2] The Eleventh Circuit Court of Appeals construed this "as a stand-alone claim for relief and not another claim of ineffective assistance of counsel." (Doc. 28 at 5).

The Eleventh Circuit vacated the judgment without prejudice and remanded the case for the Court to consider the claim.

The Government filed a Supplemental Response in Opposition to the Motion to Vacate ("Supplemental Response," Doc. 31) in compliance with this Court's instructions and with the *Rules Governing Section 2255 Proceedings for the United States District Courts*. Petitioner filed a Reply (Doc. 33) to the Supplemental Response.

## I. PROCEDURAL BACKGROUND

The procedural background of this case is set forth in the Court's Order of July 13, 2017 (Doc. 18) and is incorporated herein. As set forth therein, Criminal Case No. 6:13-cr-67-Orl-36DCI will be referred to as "Criminal Case."

## II. LEGAL STANDARD

Section 2255 permits a federal prisoner to bring a collateral challenge by moving the sentencing court to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). A petitioner is entitled to an evidentiary hearing if he "alleges facts that, if true, would entitle him to relief." *Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015) (citation and quotation omitted). However, "a defendant must support his allegations with at least a proffer of some credible supporting evidence." *United States v. Marsh*, 548 F. Supp. 2d 1295, 1301 (N.D. Fla. 2008). Moreover, the Court "is not required to grant a petitioner an evidentiary hearing if the § 2255 motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Rosin*, 786 F.3d at 877 (citation and quotation omitted).

2

## III.   ANALYSIS

As mentioned above, Petitioner claims that "his guilty plea was entered into unintelligently because he thought he was pleading guilty to possession and production of child pornography, when in fact he pleaded guilty to sexual exploitation of a minor and possession of child pornography." (Doc. 28 at 4).

Petitioner was charged by Superseding Indictment with three counts of sexual exploitation of a minor (Counts One, Two, and Three), four counts of transportation of child pornography (Counts Four, Six, Seven, and Eight), and two counts of possession of child pornography (Counts Five and Nine). (Criminal Case Doc. 20).  Petitioner entered into a Plea Agreement (Criminal Case Doc. 31) in which he agreed to enter a guilty plea to Counts Two and Nine of the Superseding Indictment.  Petitioner signed the Plea Agreement, initialed each page thereof, and certified that he had read it and fully understood its terms.  (*Id*. at 20).

Petitioner acknowledged in the Plea Agreement that Count Two charged him "with *sexual exploitation of a minor*, in violation of 18 U.S.C. § 2251(a) and (e)" and that Count Nine charged him "with *possession of child pornography*, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2)."  (*Id*. at 1) (emphasis added).  Petitioner also "acknowledge[d] understanding the nature and elements of the offense[s] with which he ha[d] been charged and to which [he was] pleading guilty."  (*Id*. at 2).  In particular, the elements of Count Two were set forth as follows:

> First:   That the defendant used a minor to engage in sexually explicit conduct;

> Second: That the defendant did so for the purpose of producing visual images of such conduct;
>
> Third: That the defendant knew or had reason to know that the visual depictions would be mailed or transported in interstate commerce or that the visual depictions were mailed or actually transported in interstate or foreign commerce or that the visual depictions were produced using materials that were transported in interstate or foreign commerce.

(*Id*.). The Plea Agreement also contained a lengthy recitation of the facts, which fully described Petitioner's involvement in the offenses set forth in Counts Two and Nine.

At the plea hearing, Petitioner stated that he had read the Superseding Indictment and that he had discussed the Superseding Indictment with his attorney. (Criminal Case Doc. 72 at 7-8). The Court informed him that he was being charged with "sexual exploitation of a minor" in Count Two and with "knowing possession of child pornography" in Count Nine. (*Id*.). The Court specifically described what the Government would be required to prove with regard to Count Two: that Petitioner "use[d] a minor to engage in sexually explicit conduct for the purpose of creating visual images and that you knew or had reason to know that the--those images would be transported in interstate or foreign commerce, including over the Internet." (*Id*. at 7). Petitioner described in his own words the charges and what he had done. In particular, he stated that he made videos that were "considered to be child pornography" and that he "placed a video camera in a bathroom and recorded [young girls] using the restroom." (*Id*. at 21). He then uploaded the videos to "the Internet, to a news group." (*Id*. at 22).

4

Petitioner knew that the images "were transmitted elsewhere by use of the Internet." (*Id*.).

Petitioner stated that he had not been threatened, coerced, or pressure into entering his guilty plea. (*Id*. at 9). He also stated that he was pleading guilty "because I am guilty." (*Id*.). Petitioner further indicated that he had initialed each page of the Plea Agreement, signed the Plea Agreement, read the Plea Agreement, discussed the Plea Agreement with his attorney, and fully understood its terms. (*Id*. at 9-11). Petitioner also stated that the statement of facts set forth in the Plea Agreement was true and correct. (*Id*. at 13). The Court found that his plea had been made knowingly, intelligently, and voluntarily and was not the result of force or of threats or of promises except for the matters set forth in the plea agreement. (*Id*. at 24).

The record establishes that Petitioner knew at the time of his guilty plea that he was pleading guilty to sexual exploitation of a minor and possession of child pornography. Petitioner's plea was knowingly and voluntarily made.[3] The lengthy plea colloquy confirms not only that the Court complied with the requirements of Rule 11 for considering and accepting a plea, but that Petitioner understood the charges against him, the sentence he faced, and the consequences of his plea. Consequently, the record in this case reflects that Petitioner understood the charges against him, understood the consequences of his plea, and voluntarily chose to enter his pleas of guilty without being

---

[3] As the Supreme Court held in *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977), "the representations of the defendant [at the plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity."

5

misled or otherwise misinformed. The Court finds that Petitioner's guilty plea was knowingly and voluntarily made and that Petitioner knew he was pleading guilty to sexual exploitation of a minor and possession of child pornography. As a result, this claim will be denied.[4]

Allegations not specifically addressed herein have been determined to be without merit.

### IV. CERTIFICATE OF APPEALABILITY

This Court should grant an application for a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). However, the petitioner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner fails to demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner fails to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

---

[4] Alternatively, this claim was not raised on direct appeal and is procedurally barred. Petitioner has not shown either cause or prejudice that would excuse the default. Likewise, Petitioner has neither alleged nor shown the applicability of the actual innocence exception. *See Mills v. v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994).

## V. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Petitioner's claim that "his guilty plea was entered into unintelligently because he thought he was pleading guilty to possession and production of child pornography, when in fact he pleaded guilty to sexual exploitation of a minor and possession of child pornography" is **DENIED**. Consequently, the Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) is **DENIED**.[5]

2. This case is **DISMISSED with prejudice**.

3. Petitioner is **DENIED** a certificate of appealability.

4. The Clerk of the Court is directed to enter judgment in favor of Respondent and to close this case. A copy of this Order and the judgment shall also be filed in criminal case number 6:13-cr-67-Orl-36DCI.

5. The Clerk of the Court is directed to terminate any related section 2255 motion filed in criminal case number 6:13-cr-67-Orl-36DCI.

**DONE** and **ORDERED** in Orlando, Florida on May 23, 2019.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[5] Petitioner's other claims were denied in the Court's Order of July 13, 2017. (Doc. 18).